UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Sleeper Village, LLC</u>

    v.                                  Case No.   Case No. 09-cv-44-PB

<u>NGM Insurance Company</u>


**O R D E R**

NGM Insurance Company has filed a motion to partially reconsider the court's April 19, 2010 order (Doc. No. 20) granting in part and denying in part NGM's motion for summary judgment.[1]

NGM asks me to reconsider my decision "insofar as it concerns [Sleeper Village's] satisfaction of Section 3.3 of the Bond . . . ." Its principal argument appears to be that the undisputed facts demonstrate that Sleeper Village unilaterally selected its own contractor to complete the contract and that this act of selection necessarily violated its obligation under Section 3.3.

---

[1] I issued my ruling before the due date for NGM's reply memorandum. Accordingly, I treat the motion to reconsider as a reply and review the issue *de novo*.

I reject this argument.  As I explained in the prior order, Section 3.3 obligates an owner to agree to pay the balance of the contract price either to the surety or to a selected contractor. Sleeper Village satisfied its obligation under Section 3.3 when it sent the April 9, 2007 letter to NGM's attorney, acknowledging its obligations under Section 3.3 and agreeing to pay the contract price to a contractor.[2]  A later agreement by Sleeper Village to contract with a third-party contractor without NGM's consent, while it may violate other sections of the bond, does

---

[2] NGM also appears to argue for the first time in its motion for reconsideration that the April 9, 2007 letter does not comply with Section 3.3 because it does not include an express agreement to tender the balance of the contract price either to NGM or to a contractor selected pursuant to Section 4.  This argument presents several issues that have not been adequately briefed.  Among these issues are: (1) Does the term "selected" in Section 3.3 unambiguously mean "selected pursuant to Section 4.4," as NGM now argues? (2) If Section 3.3 is ambiguous, should that ambiguity be resolved in favor of Sleeper Village rather than NGM? (3) Does the April 9, 2007 letter satisfy Section 3.3 even if that section is construed to require an agreement to tender the contract balance to a contractor selected pursuant to Section 4? and (4) Is NGM estopped from arguing that the April 9, 2007 letter fails to comply with Section 3.3 in light of NGM's April 13, 2007 letter construing the April 9, 2007 letter as an agreement "pledging contract balances"?  Because these issues have not been adequately briefed, I decline to further address NGM's argument for summary judgment on this basis.

not violate Section 3.3.[3]  Thus, I decline to reconsider my prior ruling.

    SO ORDERED.

                                                /s/Paul Barbadoro
                                                Paul Barbadoro
                                                United States District Judge

May 4, 2010

cc:  Howard B. Myers, Esq.
     James E. Owers, Esq.

---

[3]  NGM argues for the first time in its reply to Sleeper Village's objection to the motion to reconsider that Sleeper Village's unilateral decision to contract with a third party to complete the contract violated Section 4 of the bond by depriving NGM of its mitigation rights under Section 4.  I decline to address this argument because it was not raised in the original motion for summary judgment and it has not been adequately briefed.  In any event, as I have already ruled that Sleeper Village failed to comply with its obligations under Section 5, it appears unlikely that a ruling on this issue will ever become necessary.